UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BRANDON NEW,

                    Plaintiff,

  -against-

NANCY PELOSI, SPEAKER OF HOUSE OF
REPRESENTATIVES, et al.,

                    Defendants.
------------------------------------------------------------------ x

**ORDER DISMISSING COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

08 Civ. 9055 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On October 20, 2008, Plaintiff Brandon New, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the procedure for electing a president and vice president established by Article II, Section 1 and the Twelfth Amendment to the U.S. Constitution violates his constitutional rights. Reading Plaintiff's pro se pleadings liberally, Hughes v. Rowe, 449 U.S. 5, 9 (1980), I dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

        To dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court must find "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Id. Further, the Court must interpret the pleadings of a pro se plaintiff "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

        Plaintiff argues that the electoral college process created by Article II, Section 1 and the Twelfth Amendment to the Constitution favors states with smaller populations by

1

granting to their citizens greater influence, per electoral vote, on the outcome of presidential elections than it grants to citizens of larger states.  For example, by dividing South Dakota's number of electoral votes (3) by its 2000 census population (rounded to 755,000), Plaintiff asserts that a South Dakotan's vote has a "value" of 0.0000039, while a New Yorker's vote, by similar calculation, has a "value" of 0.0000017.  Plaintiff then groups the states into three regions ("Northern/Western liberal/moderate states," "Farm/Great Plains states," and "Southern conservative states"), calculates the average "value" of votes cast in each region, and concludes that the two more politically conservative regions wield a "leveraged advantage" in voting power over the "Northern/Western liberal/moderate states."  Plaintiff argues that the electoral college, by creating this advantage, violates the Thirteenth and Fifteenth Amendments because it derives from a constitutional bargain to benefit Southern, slaveholding states.  Plaintiff further argues that the electoral college violates the Nineteenth Amendment because, in penalizing states that tend to vote for Democratic candidates, it disfavors the voting power of women, who tend to vote Democratic.  Plaintiff seeks injunctive relief in the form of an order that restrains the Congress from counting electoral college votes pursuant to 3 U.S.C. § 1 et seq. and instead mandates a national popular vote.  Because all of Plaintiff's claims rest on the existence and effects of mathematical vote dilution, I interpret the complaint to allege that the electoral college violates the "one person, one vote" principle of the Fourteenth Amendment, first announced by the Supreme Court in Gray v. Sanders, 372 U.S. 368, 379 (1963).

       The Supreme Court has consistently declined to extend the principle of "one person, one vote" to the electoral college.  In Gray, the Court made clear that the "specific historical concerns" that led the Framers to create the electoral college "validated the collegiate principle despite its inherent numerical inequality."  Id. at 378; see id. at 380 ("The only weighting of votes sanctioned by the Constitution concerns matters of representation, such as the

allocation of Senators irrespective of population and the use of the electoral college in the choice of a President."). Three years later, the Supreme Court declined to hear a case in which Delaware and twelve other small states invoked the Court's original jurisdiction to allege that the other thirty-seven states violated the Equal Protection Clause of the Fourteenth Amendment by using winner-take-all elections to choose state electors for the electoral college. Delaware v. New York, 385 U.S. 895 (1966). The courts have routinely rejected challenges to the electoral college under the Equal Protection Clause of the Fourteenth Amendment, both in the years immediately following Gray and recently, after the controversial presidential election of 2000. See, e.g., New v. Ashcroft, 293 F. Supp. 2d 256 (E.D.N.Y. 2003); Trinsey v. United States, No. 00-5700, 2000 U.S. Dist. LEXIS 18387 (E.D. Pa. Dec. 21, 2000); Williams v. Va. State Bd. of Elections, 288 F. Supp. 622 (E.D. Va. 1968), aff'd mem., 393 U.S. 320 (1969); Penton v. Humphrey, 264 F. Supp. 250, 251 (S.D. Miss. 1967) (describing "alleged inequities of the electoral college" as exceptions to "one person, one vote" doctrine of Gray).

Ultimately, this Court lacks the power to grant the relief sought because the Court, "as interpreter and enforcer of the words of the Constitution, is not empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent. In other words, the electoral college cannot be questioned constitutionally because it is established by the Constitution." Trinsey, 2000 U.S. Dist. LEXIS 18387, at *8-*9; see Porter v. Bowen, 518 F.3d 1181, 1183-84 (9th Cir. 2008) (Kleinfeld, J., dissenting from denial of reh'g) ("Whether the electoral college and winner-take-all casting of electoral votes is a good idea or not has no bearing on the law. Article II, [S]ection 1 and the Twelfth Amendment are the Constitution we have."); Hitson v. Baggett, 446 F. Supp. 674, 676 (M.D. Ala. 1978) ("The discrimination of which plaintiffs complain (if it is discrimination) is . . . specifically sanctioned by the Constitution. Thus, while this 'discrimination' may be considered by some to be unfair, it

3

is hardly 'unconstitutional.'"). The Court takes no part in the debate whether, as some argue, the electoral college is unwise and inconsistent with the Republican form of government. See David Gringer, Note, Why the National Popular Vote Plan Is the Wrong Way to Abolish the Electoral College, 108 Colum. L. Rev. 182, 185-87 (2008) (describing academic criticism and noting that Gallup Poll has found "strong public support for eliminating the electoral college for at least the last fifty years"). Whatever the merits, Plaintiff's remedy lies in the constitutional amendment process, not the courts. See U.S. Const. art. V.

The Clerk shall mark the case closed.

SO ORDERED.

Dated: October 29, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge